IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DALLAS COUNTY, et al.,                    )
        Plaintiffs,                    )
vs.                                        )        No. 3:22-CV-1558-E-BH
                                           )
DWIGHT HENRY CAVANESS, et al.,             )
        Defendants.                    )        Referred to U.S. Magistrate Judge[1]

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiffs' *Motion to Remand*, filed August 29, 2022 (doc. 5), should be **GRANTED**, and this case should be **REMANDED** for lack of subject matter jurisdiction.

## I.  BACKGROUND

On August 21, 2020, Dallas County, Parkland Hospital District, Dallas County Community College District, Dallas County School Equalization Fund, Grand Prairie Independent School District and City of Grand Prairie (Plaintiffs) filed suit against Dwight Henry Cavaness (Defendant) and others in the 191st Judicial District Court in Dallas County, Texas, seeking to recover delinquent property taxes in the amount of $15,833.48, penalties, interest, attorney's fees and costs.  (*See* doc. 3 at 4-8.)[2]  On July 19, 2022, Defendant removed this action to the federal district court for the Northern District of Texas, Dallas Division. (*See* doc. 3.) On July 20, 2022, it was formally recommended that the case be remanded *sua sponte* to the state court for lack of subject matter jurisdiction. (*See* doc. 4.) The recommendation, which remains pending, found that jurisdiction was lacking because no federal question was presented on the face of the petition and Defendant had

---

[1]  By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

[2]   Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

failed to allege and establish diversity of citizenship. (*See id.*)

On August 29, 2022, Plaintiffs filed a motion to remand this case to the state court for lack of subject matter jurisdiction, alleging that it had been improperly removed because there is no diversity of citizenship. (*See* doc. 5.) Defendant did not directly respond to the motion and instead filed a "Complaint for Violation of Civil Rights" on September 19, 2022, which was docketed as a counterclaim. (*See* doc. 6.) He appears to allege that Plaintiffs violated his constitutional rights, and that the value of the property is over $100,000. (*See id.* at 1-5.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). Accordingly, this Court must *sua sponte* determine whether it has jurisdiction over this removed case.

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

2

Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. *Id.* § 1332(a). "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir.2007).

A.     **Diversity Jurisdiction**

Plaintiffs contend that removal of this case was improper because there no diversity of citizenship and the amount in controversy does not exceed $75,000. (*See* doc. 5 at 1-2.)

**1.** *Citizenship*

A case removed under § 1332 must have complete diversity of citizenship. *Lincoln Property Co. v. Roche,* 546 U.S. 81, 84 (2005). "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)). Because Defendant's notice of removal does not "distinctly and affirmatively" allege the citizenship of each plaintiff, he has not met his burden to show diversity of citizenship. Nor can he meet his burden in this case, where the plaintiffs are all local taxing entities.

**2.** *Amount in Controversy*

The amount-in-controversy threshold is a necessary element of subject-matter jurisdiction

3

and must also be met before a federal court properly exercises diversity jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The removing party may satisfy this burden by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

Here, the state court petition attached to Defendant's notice of removal appeared to show that amount of property taxes at issue was less than $16,000. (*See* doc. 3 at 4-8; doc. 5 at 4-.) Plaintiffs contend that they "seek a current total amount of $30,938.59 in delinquent property taxes exclusive of costs", and the complete copy of the state court petition attached to their motion reflects that this is the amount they seek. (*See* doc. 5 at 2, 11-14.) Defendant has not met his burden to show that the amount in controversy requirement for diversity jurisdiction has been met for this case, even considering his allegation that the property on which the taxes is allegedly owed is worth more than $75,000.

In conclusion, Defendant has not demonstrated that removal of this case on the basis of diversity jurisdiction was proper.

**B.    Federal Question Jurisdiction**

After it was recommended that this case be remanded *sua sponte*, and Plaintiffs had moved to remand the case, Defendant filed a complaint against Plaintiffs in this case, asserting that they had violated his constitutional rights. (doc. 6.)

Federal question jurisdiction exists only when a federal question is presented on the face of

the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831-32 (2002), the Supreme Court held that federal-question jurisdiction depends on the contents of a well-pleaded complaint; it may not be predicated on counterclaims, even when compulsory. *Vaden v. Discover Bank*, 129 S.Ct. 1262, 1265 (U.S. 2009); *Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 697–98 (5th Cir. 2017) (citing Vaden, 129 S.Ct. at 1265).  In *Vaden*, "the Court directly rejected [the] argument that a counterclaim could provide the basis for 'arising under' jurisdiction," and reasoning that allowing "'arising under' jurisdiction" on the basis of a counterclaim "would ... contravene the longstanding policies underlying [its] precedents.'" *Renegade Swish, L.L.C*, 857 F.3d at 697 (quoting *Vaden*, 129 S.Ct. at 1265); *see also Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326–27 (5th Cir. 1998) ("When an action is brought to federal court through the § 1441 mechanism, 'for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.'") (citations omitted)).

Here, Plaintiffs' petition raises only state law claims for the collection of delinquent property taxes.  Defendant's counterclaims against them for allegedly violating his civil rights does not create a basis for federal question jurisdiction.  In addition, as noted in the prior recommendation, because Texas state courts provide an adequate remedy for taxpayers' federal constitutional claims and defenses to tax assessments, the Tax Injunction Act, 28 U.S.C. § 1341, bars the exercise of jurisdiction over Defendant's claims.  *See id.*

## III. RECOMMENDATION

The plaintiffs' motion to remand this case should be **GRANTED**, and the case should be **REMANDED** to the 191st Judicial District Court in Dallas County, Texas, for lack of subject matter jurisdiction.

**SO RECOMMENDED this 18th day of November, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE