IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DALLAS COUNTY, et al.,          )<br>          Plaintiffs,          )<br>vs.          )<br>          )<br>DWIGHT HENRY CAVANESS, et al.,          )<br>          Defendants.          ) | <br><br>No. 3:22-CV-1558-E-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the defendant's *Plea*, filed October 3, 2023 (doc. 13), should be liberally construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b) and **DENIED**.

### I.  BACKGROUND

On August 21, 2020, Dallas County, Parkland Hospital District, Dallas County Community College District, Dallas County School Equalization Fund, Grand Prairie Independent School District and City of Grand Prairie (Plaintiffs) filed suit against Dwight Henry Cavaness (Defendant) and others in the 191st Judicial District Court in Dallas County, Texas, seeking to recover delinquent property taxes in the amount of $15,833.48, penalties, interest, attorney's fees and costs. (*See* doc. 3 at 4-8.)[2] On July 19, 2022, Defendant removed this action to the federal district court for the Northern District of Texas, Dallas Division. (*See* doc. 3.) The two-page *pro se* notice of removal simply stated that it was being filed under 28 U.S.C. §§ 1343, 1441 and 1446, and that the Court had subject matter jurisdiction under § 1441(a). (*Id.* at 1-2.) On July 20, 2022, it was formally recommended that the case be remanded *sua sponte* to the state court for lack of subject matter

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

[2] Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

jurisdiction because no federal question was presented on the face of the petition and Defendant had failed to allege and establish diversity of citizenship. (*See* doc. 4.)

On August 29, 2022, Plaintiffs filed a motion to remand the case to the state court for lack of subject matter jurisdiction, alleging that it had been improperly removed because there was no diversity of citizenship. (*See* doc. 5.) Defendant did not directly respond to the motion and instead filed a "Complaint for Violation of Civil Rights" on September 19, 2022, which was docketed as a counterclaim. (*See* doc. 6.) On November 18, 2022, it was recommended that Plaintiffs' motion be granted and the case be remanded to the state court for lack of subject matter jurisdiction. (*See* doc. 8.)

Over Defendant's objections, the recommendations were both accepted, and the case was remanded to the state court on February 14, 2023. (*See* docs. 11, 12.)[3] Almost eight months later, Defendant now seeks to have his case "brought back before this Court." (*See* doc. 13.)

## II. RULE 60(b)

Plaintiff's request that the remanded case be returned to this court essentially seeks reconsideration of the remand order. Because it was filed more than 28 days after its entry, it is properly construed as arising under Rule 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) ("A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was filed."); *see also Sanders v. Wright*, 734 F. App'x 303, 304 (5th Cir. 2018) (explaining that a motion seeking to reconsider a remand filed over 28 days after the court entered its remand order was "in substance,

---

[3] The docket sheet shows that on the same day that the remand order was entered, February 14, 2023, the Clerk of Court mailed a certified copy of the remand order to the 191st Judicial District Court in Dallas County, Texas.

a motion for relief under Rule 60(b)").

Generally, a district court's order remanding a case to state court is not reviewable. *See New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986). Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." The Supreme Court has held that "the bar of § 1447(d) applies only to remands based on the grounds specified in § 1447(c), that is, a defect in removal procedure or lack of subject matter jurisdiction." *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 640 (2006). "In effect, if a district court remands an action on the grounds of lack of subject matter jurisdiction or a defect in removal procedure, that court may not reconsider the remand order." *See All. Riggers & Constructors, Ltd. v. Restrepo*, EP-14-CV-00408-DCG, 2015 WL 966324, at *1 (W.D. Tex. Jan. 8, 2015) (citing 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995)). This is because a district court loses jurisdiction over a remanded civil action once "the remand order, citing the proper basis under § 1447(c), is certified and mailed by the clerk of the district court." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001); *see also Browning v. Navarro*, 743 F.2d 1069, 1078-79 (5th Cir.1984) (holding that where remand is made on the basis of § 1447(c), "[t]he federal court is completely divested of jurisdiction once it mails a certified copy of the order to the clerk of the state court"). Notably, courts in the Fifth Circuit have held that § 1447(d) bars consideration of motions to reconsider remand orders in this context. *See M.B.S. Tupelo, LLC v. Tri-State Ins. Co. of Minnesota*, No. 1:20-CV-132-SA-RP, 2021 WL 277811, at *2 (N.D. Miss. Jan. 27, 2021) (citing cases).

Here, the Court expressly determined that it lacked subject matter jurisdiction over the case because neither a federal question nor diversity jurisdiction was present. (*See* docs. 11, 12.) Further, Defendant's notice of removal alleged only that it was filed based on 28 U.S.C. §§ 1343, 1441(a) and 1446, and that subject matter jurisdiction existed under § 1441(a), (doc. 3 at 1-2), so the exceptions of 28 U.S.C. § 1442 (removal for cases involving "[f]ederal officers or agencies sued or prosecuted") and § 1443 (removal for cases involving "[c]ivil rights cases") do not apply. Because a certified copy of the remand order has been mailed to the state court, the Court lacks jurisdiction to reconsider the remand order. *See All. Riggers & Constructors*, 2015 WL 966324, at *2 (denying motion to the extent it sought reconsideration of the remand order because the court did not have jurisdiction to review the remand order); *see, e.g., Crossroads of Texas, LLC v. Great-W. Life & Annuity Ins. Co.*, No. CIV.A. V-05-89, 2006 WL 305793, at *1 (S.D. Tex. Feb. 8, 2006) ("Because the Court's order to remand was predicated upon a lack of subject matter jurisdiction, the order became non-reviewable when the clerk of the Court executed the remand to state court."); *Farrell v. Goodyear Tire & Rubber Co.*, No. 4-05CV-116-Y, 2006 WL 8439145, at *1 (N.D. Tex. Jan. 24, 2006) ("[B]ecause the Court has mailed a certified copy to state court of its order remanding this cause, the Court no longer has jurisdiction over the action, and thus lacks jurisdiction to grant a motion to reconsider.").

### III. RECOMMENDATION

Plaintiff's motion should be liberally construed as seeking relief from judgment under Fed. R. Civ. P. 60(b) and **DENIED** for lack of jurisdiction.

4

**SO RECOMMENDED this 10th day of October, 2023.**

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE